# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JIMMY L. JONES                                                                    PLAINTIFF

V.                                                                NO. 4:15-CV-92-DMB-JMV

MISS. DEPT. OF CORRECTIONS                                                        DEFENDANT

## MEMORANDUM OPINION

Before the Court is the *pro se* prisoner complaint of Jimmy L. Jones, who challenges the conditions of his confinement under 42 U.S.C. § 1983. The Court notes that, for purposes of the Prison Litigation Reform Act, Plaintiff was incarcerated when he filed this suit. Plaintiff alleges that Defendant did not grant him parole when he was entitled to it. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief may be granted.

## I
## Plaintiff's Allegations and Arguments

Plaintiff claims that the Mississippi Parole Board should have granted him parole because of his exemplary conduct during his 45 years of incarceration, during which Plaintiff received only one Rule Violation Report (RVR). Doc. #1 at 3–5. Plaintiff argues that many other inmates who committed similar crimes have been granted parole and, thus, he believes that the Parole Board should grant his request for parole. *Id.* at 4–5.

## II
## Analysis

As an initial matter, Plaintiff's § 1983 claims based upon violations of state parole procedure should be dismissed for failure to state a claim upon which relief could be granted. Violation of state law, alone, does not give rise to a cause of action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, in order for the Court to find in favor of Plaintiff, the Mississippi statutes governing parole must afford prisoners a life, liberty or property interest. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) ("[B]ecause the prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions.") (internal punctuation omitted). Mississippi parole statutes do not, however, bestow a life, liberty or property interest to prisoners. *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984); *see also Smith v. Mississippi Parole Bd.*, 478 Fed. App'x 97, 99 (5th Cir. 2012) (in Mississippi, "federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied"). Thus, Mississippi prisoners cannot successfully challenge the decisions of the parole board on due process grounds. *Id*. Therefore, Plaintiff's due process claims should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's final claim, an equal protection claim, also fails. While Plaintiff alleges that he was treated differently in parole decisions from other similarly situated prisoners, such allegation, standing alone, is insufficient to state a claim. *Lutz v. Carlson*, 204 F.3d 1117, 1999 WL 1330646, at *1 (5th Cir. Dec. 16, 1999). Rather, a prisoner challenging parole decisions on equal protection grounds "would have to allege that he was treated more severely … due to his race or other improper motive, *and not just due to an inconsistent application or result.*" *Id*. (citing *Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993). In the absence of such an allegation, an equal protection claim must fail. *Id*.

Here, Plaintiff has not alleged an improper motive as to his parole decision. Accordingly, this claim fails.

In sum, all of Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## III
## Conclusion

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of October, 2015.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**